<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW YORK CITY HOUSING AUTHORITY, | |
| Appellant, | Hon. Stanley R. Chesler, U.S.D.J. |
| | Civil Action No. 14-6103 (SRC) |
| v. | |
| G-I HOLDINGS INC., et al., | **OPINION** |
| Appellee. | |
| In re: | |
| G-I HOLDINGS INC., et al., | |
| Debtors. | |

**<u>CHESLER</u>, U.S.D.J.**

This matter comes before the Court on the appeal filed by Appellant New York City Housing Authority ("NYCHA") of the order, opinion, and final judgment filed August 18, 2014 by the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"). The Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158. For the reasons stated below, the decision of the Bankruptcy Court will be affirmed.

**<u>BACKGROUND</u>**

This case concerns an appeal of a Bankruptcy Court decision in an adversary proceeding. Appellee G-I Holdings Inc. ("G-I") is a corporate successor by merger to a manufacturer of products containing asbestos which were used in the construction of buildings owned by NYCHA. G-I filed a voluntary chapter 11 petition in 2001. Appellant NYCHA filed a timely

proof of claim in the bankruptcy for property damage to its buildings caused by asbestos-containing materials manufactured by G-I's predecessor. On November 12, 2009, after holding hearings on the debtors' plan of reorganization, the Bankruptcy Court approved the Plan, and entered the confirmation order. NYCHA never appealed the confirmation order.

On September 7, 2012, NYCHA filed a complaint in an adversary proceeding, seeking injunctive relief directed to asbestos remediation in its buildings. G-I moved to dismiss the adversary complaint and, on August 18, 2014, the Bankruptcy Court entered an order granting the motion to dismiss. NYCHA now appeals that decision.

## ANALYSIS

I. **Legal Standards**

  A. Appeals from a Bankruptcy Court's decisions

Pursuant to 28 U.S.C. § 158(a)(1), this Court has jurisdiction to hear appeals of the final judgments and orders of the Bankruptcy Court. This Court reviews the Bankruptcy Court's "legal determinations *de novo*, its factual findings for clear error and its exercise of discretion for abuse thereof." In re American Pad & Paper Co., 478 F.3d 546, 551 (3d Cir. 2007); see also Fed. R. Bankr. P. 8013. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948).

II. **The appeal**

Appellant's arguments to the Bankruptcy Court were addressed in detail in the Bankruptcy Court's thoughtful, thorough, and well-reasoned opinion. New York City Housing

Authority v. G-I Holdings, Inc. (G-I Holdings, Inc.), 514 B.R. 720 (Bankr. D.N.J. 2014).  In brief, the Bankruptcy Court's reasoning is as follows.  The Plan has been confirmed, is final and non-appealable, and NYCHA is bound by it.  Id. at 756.  In paragraph 1.1.43 of the Plan, "claim" is defined, and the definition includes "any rights to any equitable remedy."  Id. at 757.  NYCHA has an asbestos property damage claim under the Plan; the Plan provides the exclusive relief for that claim, and extinguishes any other claim for asbestos property damage under any other legal theory, including equitable theories, in paragraphs 1.14 and 9.2.  Id. at 758.  Therefore, the Bankruptcy Court concluded, NYCHA is barred from asserting any equitable remedies related to asbestos property damage, beyond the relief allowed under the Plan.  Id.

The Bankruptcy Court next stated that, although it need not reach this issue, it would consider the question of whether NYCHA's request for injunctive relief was a claim under the Bankruptcy Code.  Id.  The Bankruptcy Court observed, *inter alia*, "NYCHA is not a state actor exercising regulatory and police powers."  Id. at 759.  The Bankruptcy Court also observed that New York statutory and regulatory law imposed environmental obligations on NYCHA, but not on G-I.  Id.  The Bankruptcy Court concluded that NYCHA here is acting as a creditor, not as a regulator.  Id.  The Bankruptcy Court further observed that NYCHA does not seek to remedy ongoing environmental harm.  Id. at 759-60.  Considering the relevant case law, the Bankruptcy Court concluded that the injunctive relief sought by NYCHA in the adversary complaint is a claim under the Bankruptcy Code which has been discharged by the Plan.  Id. at 760.

This Court agrees completely with the Bankruptcy Court's analysis and will affirm the Bankruptcy Court's decision for the reasons stated in that opinion.  Of the points made in that opinion, two stand out as especially important: 1) NYCHA's asbestos property damage claim

was discharged under the Plan confirmation order, which is now final and non-appealable; and 2) the available judicially-created exception to discharge in bankruptcy for governmental entities seeking environmental remediation is limited to entities which are acting in a governmental or regulatory capacity.

The arguments in NYCHA's opening brief miss the mark because NYCHA does not recognize the Bankruptcy Court's straightforward reasoning for its decision to grant the motion to dismiss the adversary complaint. In short, the Bankruptcy Court held that NYCHA's claims for injunctive relief were barred by the plain language of the Plan, which defined a "claim" as including "any rights to any equitable remedy." 514 B.R. at 726. NYCHA's statement of the issues on appeal frames the key issue as whether the Bankruptcy Court erred in determining that its request for injunctive relief was a claim dischargeable under the Plan. Injunctive relief is an equitable remedy; as the Bankruptcy Court correctly found, the Plan discharged any rights to any equitable remedy related to asbestos property damage. Therefore, the Bankruptcy Court properly determined that NYCHA's attempt to obtain injunctive relief for asbestos property damage was a claim discharged under the Plan.

This straightforward analysis is the key to the Bankruptcy Court's decision but, on appeal, NYCHA has not engaged this issue. The only possible escape from this straightforward conclusion may be found in the judicially-created exception for governmental entities enforcing environmental remediation obligations. The Bankruptcy Court correctly determined that NYCHA has not sought relief that falls within the scope of that exception.

The key Third Circuit case on these issues is <u>In re Torwico Elecs</u>, 8 F.3d 146 (3d Cir. 1993). The Third Circuit summarized the case as follows:

> This case involves an attempt by the State of New Jersey to force Torwico Electronics, a debtor in chapter 11 bankruptcy, to comply with its obligations under state and federal environmental laws. Torwico asserts that these obligations are "claims," within the meaning of 11 U.S.C. § 101(5), and that, because the state failed to timely file a proof of claim, it is no longer responsible for them. The state claims that what is involved here are regulatory obligations, not bankruptcy claims.

Id. at 147. At issue was an administrative order from a state environmental agency, requiring Torwico to clean up hazardous wastes, and the question was whether this was a claim dischargeable in bankruptcy.

The Third Circuit first looked to Ohio v. Kovacs, 469 U.S. 274 (1985), for guidance in defining a claim. In Kovacs, the Supreme Court considered the question of whether an obligation to clean up a hazardous waste site was a debt within the meaning of bankruptcy law. Id. at 278. Although the cleanup obligation had, at one point, been enforced through an injunction requiring cleanup, the Supreme Court affirmed the decision of the Court of Appeals "that the cleanup order had been converted into an obligation to pay money, an obligation that was dischargeable in bankruptcy." Id. at 283. Discussing Kovacs, the Third Circuit stated:

> The state can exercise its regulatory powers and force compliance with its laws, even if the debtor must expend money to comply. Under *Kovacs*, what the state cannot do is force the debtor to pay money to the state; at that point, the state is no longer acting in its role as regulator, it is acting as a creditor.

Torwico, 8 F.3d at 150.

The Third Circuit observed that, in the case before it, the state did not seek to compel the payment of money, and so it was not acting as a creditor within the meaning of Kovacs. Id. That did not, however, end the Court's inquiry: "As noted in *Kovacs*, even if an injunction does not facially require payment of money, it still may present a 'claim.'" Id. The Third Circuit recognized that, sometimes, a request for injunctive relief may be a "repackaged claim for

5

damages," but concluded that the relief sought in the case before it did not fit that description. Id.

The Torwico Court did not crisply state any bright-line rule to sharply distinguish those requests for injunctive relief which repackage claims for damages from those which cannot be considered dischargeable claims.  Two considerations appear most useful.  First, the Court distinguished relief which targets past conduct from relief which targets ongoing pollution and which is an "an attempt to prevent additional future damage."  Id. at 151.  Second, the Court weighed heavily the fact that what the state sought involved "an exercise of the state's inherent regulatory and police powers."  Id.  The Third Circuit concluded that the state's administrative order was injunctive relief exempt from discharge in bankruptcy.  Id.

Applying these considerations to the present case, both weigh against finding exemption from discharge.  As to the second consideration, NYCHA does not here seek to exercise the regulatory or police powers of a state.  NYCHA is not an entity with the powers of a state or municipality, nor does it claim to be.  Plumbing, Heating, Piping & Air Conditioning Contr. Ass'n v. New York State Thruway Authority, 5 N.Y.2d 420, 424 (1959) ("a public authority enjoys an existence separate and apart from the State, even though it exercises a governmental function.")  NYCHA is a public corporation which owns property.

Crucially, NYCHA does not seek to exercise regulatory or police powers over G-I. Indeed, it does not even suggest that any New York statute gives it regulatory authority in the area of environmental enforcement.  Nor does NYCHA seek to enforce any statute or regulation. There is nothing governmental about NYCHA's role in the instant case.  NYCHA has not pointed to anything which differentiates it from any other property owner with building materials

6

made by G-I in its buildings.  Because NYCHA does not seek to exercise governmental powers over G-I, following Torwico, this points toward finding the claim dischargeable in bankruptcy.

Additionally, there is no dispute that asbestos in G-I materials has been in NYCHA's buildings for many years; there is no allegation that NYCHA's adversary complaint seeks to prevent G-I itself from damaging the environment in the future.[1]  In particular, it does not contend that there is an ongoing discharge of asbestos into its buildings, but only that future events which disturb the asbestos-containing materials will cause discharges.  (NYCHA Br. 18.)  Rather, NYCHA seeks a remedy that, as to G-I, applies to only past conduct – the manufacture, years ago, of asbestos-containing products, installed in NYCHA's buildings years ago.  Following Torwico, this also points toward finding the claim dischargeable in bankruptcy.  NYCHA's adversary complaint does not seek to stop G-I from causing ongoing pollution damage.

Here, as in Torwico, the exception to dischargeability does not extend to relief which amounts to "the repackaging of a forfeited claim for damages."  Torwico, 8 F.3d at 150.  NYCHA seeks relief here that is exactly that: a repackaged claim for asbestos property damages.

NYCHA's arguments on appeal are unpersuasive.  Conspicuously absent from NYCHA's brief is an argument which shows any error in the Bankruptcy Court's straightforward analysis.  NYCHA does not confront the Bankruptcy Court's central point: the Plan provision which includes rights to any equitable remedy within the scope of discharged claims bars NYCHA's

---

[1] While it is likely true that asbestos contamination in its buildings will be a problem for NYCHA for years to come, there is no allegation that G-I will play any future role in causing that contamination.  There is no allegation that G-I is actively engaged in ongoing pollution of NYCHA's buildings.

7

adversary complaint seeking an equitable remedy.  Instead, the brief goes off in other directions.

NYCHA first argues that the Bankruptcy Court erred in its failure to recognize the common law duty of G-I to remove hazardous products, citing the trial court's decision in New York v. Keene Corp., 132 Misc. 2d 745, 751 (N.Y. Sup. Ct. 1986).  NYCHA has quoted that case out of context; that court did not find that a manufacturer has a common law duty to remove hazardous products.  Nor has NYCHA explained what relevance an indemnity principle in a tort action has to this bankruptcy proceeding.  NYCHA then asserts that the Bankruptcy Court's decision "flies directly in the face of" the Supreme Court's decision in Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot., 474 U.S. 494 (1986), but gives no explanation whatever for this provocative assertion.  (NYCHA Br. 15.)

NYCHA next argues that the Bankruptcy Court erred by not crediting the Complaint's allegations of ongoing environmental pollution.  Yet the Bankruptcy Court made clear that the decision did not turn on the nature of the injunctive relief sought but, rather, on the determination that the Plan had discharged NYCHA's right to any equitable remedies related to asbestos property damage.  (Op. at 63.)  The Bankruptcy Court's comments on the nature of the equitable remedies are well-reasoned and germane, but *dicta* nonetheless.

NYCHA argues as well that it is "similarly situated" to the City of New York in In re Quanta Resources Corp., 739 F.2d 912, 913 (3d Cir. 1984).  That case is inapposite for many reasons, the most obvious one being that a city housing authority is not the same as the city itself.  Nor is the Supreme Court's decision in the consolidated appeal of that case, Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot., 474 U.S. 494, 497 (1986), which deals with the bankruptcy trustee's abandonment power, useful in considering this matter.

## **CONCLUSION**

For the reasons stated above, the August 12, 2014 decision of the Bankruptcy Court, and the August 18, 2014 order implementing that decision, are affirmed in their entirety.

                                              s/ Stanley R. Chesler
                                            Stanley R. Chesler, U.S.D.J.

Dated: April 8, 2015